IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LORRIE LAUREL and
RUBEN A. LAUREL,**

    **Plaintiffs,**

**v.**                               **CASE NO. 5:14-cv-216-RS-CJK**

**COUNTRY MUTUAL INSURANCE,
COMPANY as successor in interest to
COTTON STATES MUTUAL INSURANCE
COMPANY, a Foreign corporation, and
JERRY WATKINS, individually,**

    **Defendant.**
_____/

## **ORDER**

Before me are the following motions and responses:

1. Defendant Watkins' Motion to Dismiss (Doc. 6), Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss (Doc. 17),

2. Plaintiffs' Motion to Remand (Doc. 9),

3. Defendant Watkins' Response to Plaintiffs' Motion to Remand (Doc. 27), and

4. Defendant Country Mutual Insurance Company's Response in Opposition (Doc. 28).

The relief requested in Defendant Watkins' Motion to Dismiss (Doc. 6) is **DENIED**, and the relief requested in Plaintiffs' Motion to Remand (Doc. 9) is **GRANTED**.

## STANDARD OF REVIEW

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).

The Supreme Court has clarified the specificity of pleading required to survive a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A complaint thus "does not need detailed factual allegations." *Bell Atlantic Corp.*, 550 U.S. at 555.

On the other hand, a conclusory recitation of the elements of a cause of action is insufficient. A complaint must include more than "labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id.* at 557.

## BACKGROUND

While considering a motion to dismiss, I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

Plaintiffs purchased a homeowner's insurance policy from Defendant Country Mutual through its insurance agent Defendant Watkins. Doc. 1. The policy was in effect from December 29, 2010, through December 29, 2011, and provided coverage for loss and damage caused by fire. *Id.* On or about December 28, 2011, as the result of an accidental cooking fire, Plaintiffs suffered total destruction of their residence, furnishings, contents and personal property in an amount in excess of the policy limits. *Id.* In accordance with their policy, Plaintiffs timely reported the fire loss to Defendant Country Mutual, complied with all the terms and conditions of the policy, and participated in the investigation of their claim. *Id.*

In Plaintiffs' complaint, Plaintiff alleges that Defendant Country Mutual has breached its contract and that Defendant Watkins was negligent in failing to ensure Plaintiffs had adequate coverage limits. *Id.*

## ANALYSIS

*1. Motion to Dismiss*

According to *Blumberg v. USAA Cas. Ins. Co.*, 790 So.2d 1061, 1065 (Fla. 2001), when an insured files a claim against the insurance company for breach of contract and a claim against an insurance agent for failing to obtain insurance coverage, the negligence cause of action against the agent does not accrue until the insured incurs damages at the conclusion of the breach of contract claim. *Id.* The rationale beneath this decision is that it avoids the inconsistency wherein the insured must claim against the insurer that coverage exists while claiming against the agent that coverage does not. *See id.*; *Brocato v. Health Options, Inc.*, 811 So.2d 827, 829 (Fla. 2d DCA 2002).

The holding in *Blumberg* is not applicable to this case. The claim Plaintiffs have alleged against Defendant Country Mutual is not inconsistent with their claim against Defendant Watkins. Plaintiffs claim that they were under-insured by $208,880.00. Doc. 17. Therefore, Plaintiffs claim against Defendant Watkins is not dependent on the resolution of their claim against Defendant Country Mutual.

Accordingly, taking the allegations in the complaint as true, the relief requested in Defendant Watkins' Motion to Dismiss (Doc. 6) is **DENIED.**

 *2. Motion to Remand*

A party seeking removal on the basis of diversity of citizenship has the burden of proving that the action is wholly between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Plaintiffs and Defendant Watkins are residence of Florida. Doc. 1. Accordingly, the relief requested in Plaintiffs' Motion to Remand (Doc. 9) is **GRANTED**.

## CONCLUSION

The relief requested in Defendant Watkins' Motion to Dismiss (Doc. 6) is **DENIED**, and the relief requested in Plaintiffs' Motion to Remand (Doc. 9) is **GRANTED**.

Accordingly, the Clerk is directed to **REMAND** this case to the Circuit Court of the Fourteenth Judicial Circuit in and for Washington Country, Florida.

**ORDERED** on October 27, 2014.

                                      **/s/ Richard Smoak**
                                      **RICHARD SMOAK**
                                      **UNITED STATES DISTRICT JUDGE**